IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KOLADE OLAOYE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-772-Y |
| | § | |
| WELLS FARGO BANK, NA | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss (doc. 9) filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo").  After review, the Court will grant the motion.

I.   Background

In December 2001, plaintiff Kolade Olaoye obtained a mortgage loan from World Savings Bank, FSB ("World Savings Bank").  The loan is evidenced by a promissory note, and the note is secured by a deed of trust.  (Def.'s App. 1, 7.)  In December 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB ("Wachovia").  (*Id.* at 24, 26-29.)  In November 2009, Wachovia merged into Wells Fargo.[1]  (*Id.* at 24, 30.)

On February 1, 2011, after Olaoye apparently defaulted on the loan, Wells Fargo initiated non-judicial foreclosure proceedings and purchased the mortgaged property at the resulting foreclosure sale.  Shortly thereafter, Wells Fargo filed a forcible-detainer action against Olaoye in a Texas state court.

---

[1] The Court may take judicial notice of facts such as these, which are matters of public record. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)

Olaoye, in turn, filed the instant lawsuit in the 236th Judicial District Court, Tarrant County, Texas. In his original petition, Olaoye alleges that "the Note and Deed of Trust were not lawfully and timely indorsed, transferred, and assigned to [Wells Fargo]" and that Wells Fargo "was not authorized to collect the Note and enforce the Deed of Trust." (Pl.'s Pet. 3.) Olaoye further alleges that, as a result, Bank of America "did not have the standing or legal right to declare a default in payment of the Note, accelerate the maturity of the Note, or foreclose on the Property." (*Id.*) According to Olaoye, "the Note and the security interest embodied in the Deed of Trust were split and separated," after which "the Note became unsecured, the party holding the Deed of Trust could not and did not experience a default, and the security interest in the Property was forfeited." (*Id.*) Based on these allegations, Olaoye asserts claims for (1) trespass to try title, (2) suit to quiet title, (3) wrongful foreclosure,[2] and (4) violations of the Texas Debt Collection Practices Act ("TDCPA"). Olaoye seeks damages, a declaratory judgment, and injunctive relief.

Wells Fargo removed the case to this Court on October 28, 2011. By the instant motion, Wells Fargo seeks dismissal of

---

[2] Olaoye actually entitles this cause of action "Request to Set Aside Substitute Trustee's Non-Judicial Foreclosure Sale, and to Cancel Substitute Trustee's Deed." (Pl.'s Pet. 4.) The Court will treat the claim as one for wrongful foreclosure because Olaoye is challenging the lawfulness of the February 2011 foreclosure proceedings and because Olaoye has not identified any other cognizable legal basis for bringing the claim.

2

Olaoye's claims under Federal Rule of Civil Procedure 12(b)(6).

II. Legal Standard

    A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See* Fed. R. Civ. P. 8(a). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "[f]actual allegations must be enough to raise a right to relief above the speculative level, on

3

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007) (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted) (internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, (5th Cir. 2007) (footnote omitted). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

4

B. Rule 12(c)

Wells Fargo's motion to dismiss is technically untimely because it was filed after Wells Fargo filed its answer. However, a court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings for failure to state a claim. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Because Wells Fargo asserted "failure to state a claim" as a defense in its answer and therefore preserved that defense, the Court will construe Wells Fargo's Rule 12(b)(6) motion as one filed under Rule 12(c). The standards for deciding the two types of motions are the same. *See Mayne v. Omega Protein, Inc.*, 370 F. App'x 510, 514 (5th Cir. 2010); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

III. Analysis

A. Wrongful Foreclosure

Olaoye alleges that Wells Fargo lacked the authority to enforce the terms of the note and deed of trust and to initiate the February 2011 foreclosure sale. According to Olaoye, the note and deed of trust were not "lawfully and timely indorsed, transferred, and assigned" to Bank of America, but rather were "split and separated." (Pl.'s Pet. 3.) Thus, Olaoye's wrongful-foreclosure claim is predicated on a theory that Wells Fargo never received a valid assignment of the note and deed of trust.

But any authority that Wells Fargo may have had to foreclose on the property would not have originated from an assignment. Wells Fargo is the successor to World Savings Bank, who was the original lender on the loan, the original payee on the note, and the original beneficiary of the deed of trust. Consequently, Wells Fargo's authorization to foreclose on the mortgage property came by virtue of its status as the successor-in-interest to Olaoye's loan. Olaoye's argument that the note and deed of trust were split and were never assigned to Wells Fargo is inapposite.[3]

Moreover, Olaoye's wrongful-foreclosure claim suffers from two other fatal defects. First, Olaoye has not alleged that he tendered the full amount due under the note. To the contrary, the sum of his allegations implies that he defaulted on the loan. Accordingly, he cannot obtain equitable relief setting aside the February 2011 foreclosure sale. *See Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). Second, Olaoye has not alleged that he lost possession of the mortgage property. "In Texas, recovery of damages for wrongful foreclosure is premised upon one's lack of possession of real property[;] therefore individuals never losing possession of the property cannot recover damages on a theory of

---

[3] Moreover, even assuming that the note and deed of trust had been split and that Wells Fargo lacked possession of the note in February 2011, this would not necessarily mean that Wells Fargo lacked the authority to enforce the deed of trust and foreclose on the property. *See DeFranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-455-Y, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (slip opinion); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

6


wrongful foreclosure." *White v. BAC Home Loans Serving, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) (Fish, J.) (citations omitted)(internal quotation marks omitted). In light of this, the Court concludes that Olaoye has failed to state a claim for wrongful foreclosure.

But even assuming Olaoye has alleged facts sufficient to state a claim for wrongful foreclosure, that claim nevertheless fails because it is preempted by the Home Owners' Loan Act ("HOLA"). Under HOLA and its accompanying regulations, a state-law claim is preempted if it purports to impose requirements on a federal savings bank regarding "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."[4] 12 C.F.R. § 560.2(b)(10) (West 2012); *see also Stefan v. Wachovia*, No. C 09-2252 SBA, 2009 WL 4730904, at *2-3 (N.D. Cal. Dec. 7, 2009) (dismissing plaintiff's claim for wrongful foreclosure under a California statute as preempted by HOLA). Olaoye's wrongful-foreclosure claim does purport to impose such requirements and, thus, is preempted by HOLA.

B.   Trespass to Try Title and Suit to Quiet Title

Olaoye also asserts claims for trespass to try title and for suit to quiet title. "The Texas Property Code provides that 'a

---

[4] "[A]lthough Wells Fargo itself is not subject to HOLA and [the Office of Thrift Supervision ("OTS")] regulations, HOLA nonetheless applies to this action because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations." *Khan v. World Savings Bank, FSB*, No. 10-CV-04305-LHK, 2011 WL 133030, at *2 (N.D. Cal. Jan. 14, 2011) (citations omitted).

trespass to try title action is the method of determining title to lands, tenements, or other real property.'" *Martin v. Amerman*, 133 S.W.3d 262, 264 (Tex. 2004) (citing Tex. Prop. Code Ann. § 22.001 (West 2012)). "A suit to quiet title--also known as a suit to remove cloud from title--is an equitable action that clears a valid title against a defendant's invalid claim to the property." *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012) (Boyle, J.) (citations omitted).

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin*, 133 S.W.2d at 265 (citation omitted). "To prevail in a suit to quiet title action, a plaintiff must show '(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.'" *James*, 2012 WL 778510, at *2 (quoting *Bell v. Bank of Am. Home Loan Servicing*, No. 4:11-cv-02085, 2012 WL 568755, at *6 (S.D. Tex. Feb. 21, 2012)). In both types of actions, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001, no pet.)(citations omitted).

Olaoye's petition contains no facts indicating that he has superior title to the mortgage property. Indeed, although he alleges in conclusory fashion that he "is and remains the legal and equitable owner of the [p]roperty," he acknowledges that the property was sold at a foreclosure sale in February 2011. And as noted above, his theory as to why the foreclosure sale should be voided fails because Wells Fargo is the successor-in-interest to his mortgage loan and, thus, had the authority to enforce the note and deed of trust. Because the allegations in Olaoye's petition, along with the facts of which the Court has taken judicial notice, do not establish that Olaoye has superior title to the mortgage property, his claims for trespass to try title and suit to quiet title should be dismissed.

Furthermore, because Olaoye's trespass-to-try-title and suit-to-quiet-title claims are based on his challenges to the February 2011 foreclosure sale and Wells Fargo's authority to enforce the note and deed of trust, those claims are preempted by HOLA. *See* 12 C.F.R. § 560.2(b)(4),(10); *see also DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010) (dismissing plaintiffs' claims seeking "to cancel the deed resulting from the trustee's sale" on the ground that those claims were "premised on [plaintiffs'] claims of wrongful foreclosure and defective notice, which [were] preempted by HOLA").

C.   TDCPA

Olaoye alleges that Wells Fargo's "acts, omissions, and conduct" violated the TDCPA, including section 392.304 of the Texas Finance Code, because Wells Fargo "misrepresented the character, extent, or amount" of Olaoye's debt. (Pl.'s Pet. 6.) The TDCPA "makes unlawful, a variety of conduct by debt collectors, including 'misrepresenting the character, extent, or amount of a consumer debt.'" *James*, 2012 WL 778510, at *4 (quoting Tex. Fin. Code. Ann. § 392.304 (West 2012)). "For a statement to constitute a misrepresentation under the [TDCPA], [the defendant] must have made a false or misleading assertion." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010) (Lynn, J.) (citation omitted).

Olaoye fails to allege any non-conclusory facts to support his TDCPA claim. For example, Olaoye does not allege that Wells Fargo is a "debt collector" within the meaning of that statute. *See Hill v. Wells Fargo Bank, NA*, No. 4:11-CV-644-A, 2011 WL 5869730, at *5 (N.D. Tex. Nov. 17, 2011) (McBryde, J.). Because the Court does "not accept as true 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" Olaoye's TDCPA allegations fall short of stating a claim. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

In any event, although the specifics of Olaoye's TDCPA claim are unclear, it appears that the claim is preempted by HOLA. *See*

12 C.F.R. § 560.2(b)(4),(5), & (10) ("[T]he types of state laws preempted by paragraph (a) of this section include, without limitation, state laws purporting to impose requirements regarding . . . (4) The terms of credit . . . , balance, payments due, or term to maturity of the loan . . . ; (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; . . . [and] (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.").

IV. Conclusion

Based on the foregoing, the Court concludes that Olaoye has failed to state a claim upon which relief may be granted.[5] Accordingly, Wells Fargo's motion is GRANTED. All claims in the above-styled and -numbered cause are DISMISSED WITH PREJUDICE.[6]

SIGNED April 2, 2012.

*Terry R. Means*

---

[5] Because Olaoye has failed to state a claim upon which relief may be granted, he is not entitled to injunctive or declaratory relief. *See Excel Marketing Solutions, Inc. v. Direct Fin. Solutions, LLC*, No. 3:11-CV-0109-D, 2011 WL 1833022, at *4 (N.D. Tex. May 13, 2011) (Fitzwater, C.J.) ("Injunctive relief is an equitable remedy, not an independent cause of action." (citation omitted)); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 565 (N.D. Tex. 2009) (noting that the "Declaratory Judgment Act is remedial only"); *Juliff Gardens, L.L.C. v. Tex. Comm'n on Envtl. Quality*, 131 S.W.3d 271, 277 (Tex. App.--Austin 2004, no pet.) ("[A] declaratory judgment is not an independent cause of action, but a remedy for a cause of action already within the court's jurisdiction." (citation omitted)).

[6] The Court will not grant Olaoye leave to amend his complaint because his claims are preempted by HOLA and because the judicially noticed facts in this case indicate that allowing Olaoye to replead would be futile.

```
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE
```